# EDWARD D. WILFORD

Attorney at Law
20 Vesey Street - Suite 400
New York, New York 10007
(212) 528-2741 Fax (212) 964-2926

October 9, 2007

**VIA FACSIMILE & ELECTRONIC FILING**
Hon. William H. Pauley
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Richard Lord*
              07 Cr. 554 (WHP)

Dear Judge Pauley:

      I am writing to the court to detail Mr. Lord's position as to the appropriate and reasonable sentence in this case.

      Prior to the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the district court was mandated to impose a sentence within the range prescribed by the sentencing guidelines. In the pre-*Booker* era, the court had the discretion to depart from the guidelines and impose a sentence outside the guideline range, only when the court found that there existed an aggravating or mitigating circumstance not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. See Guideline, 5K2.0, policy statement. The Commission intended that the sentencing courts treat each guideline as carving out a "heartland," a set of typical cases embodying the conduct that each guideline describes. When the court, however, found an atypical case, one to which a particular guideline linguistically applied but where conduct significantly differed from the norm, the court had the ability to consider whether a departure is warranted. See, *Koon v. United States*, 116 S. Ct. 2035 (1996).

      In *Booker* the Supreme Court held that *Blakely v. Washington*, 124 S.Ct. 2531 (2004) applied to the federal sentencing guidelines and that the Sixth Amendment's right to a jury trial prevented judges from finding facts that enhanced a sentence beyond an applicable statutory maximum. As a remedy, the Supreme Court excised the provisions of the Sentencing Reform Act of 1984, including 18 U.S.C. § 3553(b) which made the

federal sentencing guidelines mandatory, *inter alia*.

Before *Booker* sentencing within the applicable guideline range was mandated under 18 U.S.C. § 3553 (b), unless the sentencing court found the existence of an aggravating or mitigating circumstance of a kind, or to a degree, not adequately considered by the Sentencing Commission in the formulation of the applicable guideline. See, *Koon v. United States*, 518 U.S. 81, 92-93 (1996)(citing 18 U.S.C. § 3553(b)). Over the years this rule was strictly enforced upon the district courts. See, e.g., *United States v. Bonnet-Grullon*, 212 F.3d 692, 700 (2d Cir. 2000); *United States v. Koczuk*, 252 F.3d 91, 98 (2d Cir. 2001).

However, by finding 18 U.S.C. § 3553(b) unconstitutional and excising it, the Supreme Court also eliminated the empowering statutory provision which necessitated the finding of a departure as the only basis upon which to sentence a defendant outside of an applicable sentencing range. When the Supreme Court excised the mandatory application of the federal sentencing guidelines, it also eliminated the concept and the necessity of finding a departure to avoid the mandatory application of the federal sentencing guidelines.

Instead, the Court held that the sentencing judge may still consider the guideline range as stated in 18 U.S.C. § 3553(a)(4) & (5), but that the sentencing judge now must also consider the other sentencing factors set forth in 18 U.S.C. § 3553(a). In the post-*Booker* era, a sentencing judge must treat the guidelines as just one of many factors. See, *United States v. Crosby*, 397 F.3d 103 (2d. Cir. 2005).

In the absence of the mandatory provisions which resulted in the mechanical adherence to the sentencing guidelines the language of Title 18 U.S.C. § 3661 is appropriate:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing a sentence.

See, Title 18 U.S.C. § 3661.

**GUIDELINE SENTENCE ANALYSIS**

Mr. Lord's sentencing range according to the Probation Department's guideline analysis is as follows:

| | |
|---|---|
| Base Offense Level | 18 |
| Specific Offense Characteristic | 0 |
| §3E1.1(a) Adjustment for Acceptance of Responsibility | -3 |
| Adjusted Offense Level | 15 |
| Enhancements | 0 |
| Total Offense Level | 15 |

Mr. Lord has no criminal convictions therefore he is in Criminal History Category I, with an Offense Level of 15 a sentencing range of 18-24 months is applicable under the guidelines however the statutory maximum sentence is 20 years and there is no mandatory minimum sentence.

The defendant asserts that the appropriate guideline sentence calculation arrived at by the probation department is correct. However the defendant asserts that under a Title 18 U.S.C. §3553(a) there is a more reasonable and appropriate sentence.

**APPLICATION OF TITLE U.S.C. §3553(a)**

An application of Title 18 U.S.C. §3553(a) to Mr. Lord's case weighs heavily in favor of Mr. Lord receiving a lower sentence than that suggested by the probation department's straight guideline analysis sentence, in fact even a lesser sentence than the sentence recommended by the Probation Department of eighteen (18) months. When 3553(a) is applied to Mr. Lord a sentence of three (3) years probation and a Four Thousand ($4,000.00) Dollar fine is appropriate and reasonable.

Title 18 U.S.C. § 3553(a) directs a sentencing court to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; ( C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;  (3) the kinds of sentences available;  (4)the guideline range and sentence; (5) any pertinent policy statement;   (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Title 18 U.S.C. § 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary," to  afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, *inter alia*.  The ultimate goal of the sentencing court is to find just punishment by carefully balancing important public policy considerations along with the prophylactic and rehabilitative objectives of 18 U.S.C. § 3553(a).  When these factors are considered it is evident Mr. Lord should be sentenced outside the guideline range.

The court must consider the nature and circumstances of the offense and the history and characteristics of the defendant.  Mr. Lord is a forty-two (42) year old United States citizen.  This is Mr. Lord's first conviction of any kind despite growing up in Harlem and losing two (2) brothers at an early age and having another brother incarcerated for most of Mr. Lord's life.  Additionally, Mr. Lord never knew his own father yet he has by all accounts been a loving and caring, father to all of his children as well as husband to his wife.  Notwithstanding the circumstances of his childhood Mr. Lord has to date not been convicted of any crimes.

Mr. Lord made a foolish decision to participate in the charged criminal activity in a moment of weakness that all human beings experience, unfortunately for Mr. Lord he made a poor choice which has cost him dearly.   Mr. Lord has accepted responsibility for his actions and is extremely remorseful that an attempt to take a short cut may result in his being separated from his family and cause extreme financial difficulties and emotional consequences for his family.

The seriousness of the offense cannot be denied, involvement in any drug activity is a serious crime.  However in the overall scheme of federal prosecutions the amount of drugs involved is in no way enormous.  The felony conviction and its inherent consequences is sufficient to promote respect for the law thus a sentence of probation and a fine of Four Thousand ($4,000.00) Dollars would provide just punishment for the offense.

Given Mr. Lord's lack of a criminal record there is no reason to believe that Mr.

Lord will be a recidivist thus a sentence of probation and a fine will afford adequate deterrence to any further criminal conduct by Mr. Lord.  As reflected in the pre-sentence report there is no need to protect the public from further crimes of the defendant.

There is no need to incarcerate Mr. Lord to provide him with any needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  Mr. Lord could obtain the educational training he needs while in the community in a more effective manner than if he were incarcerated.

It is an axiom that punishment of offenders impacts the offender's family.  In many instances incarceration impacts more on the family who is not incarcerated than the individual who is incarcerated.  The incarceration of Mr. Lord will deprive his wife and daughter of a very necessary component of their lives.  The ability of Mr. And Mrs. Lord to provide child care services for their daughter without undertaking additional child care services expenses is an important consideration in determining the necessity to incarcerate Mr. Lord.  Mr. Lord works nights and his wife works days therefore there is no necessity to expend limited funds for child care services.  In fact Mr. Lord was a "stay at home dad" for the first four years of his daughter's life.   Mr. Lord is responsible for getting his ten (10) year old daughter to school in the morning and getting her to after school activities.  Mrs. Lord has a two (2) hour commute to work and cannot spend the time to allow her daughter to participate in any activities or get her to school because of her schedule.  In this case these are indeed extraordinary family circumstances which the court should consider in arriving at the appropriate and reasonable sentence to impose upon Mr. Lord.  Allowing Mr. Lord to remain in the community and maintain his employment will permit his family to continue in its current status without the inordinate economic and emotional upheaval the loss of Mr. Lord's ability to provide child care services that would result should Mr. Lord be incarcerated.

Mr. Lord has had absolutely no problems at all in adjusting to pre-trial supervision.  Mr. Lord has clearly demonstrated by his conduct while on pre-trial supervision that he will not present any problems which would prevent him from successfully remaining in the community while serving a sentence of a period of probation.

One goal of sentencing is to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  In the case of Mr. Lord there is no need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in any incarceratory environment.

A sentence of probation and a fine for Mr. Lord reflects the seriousness of the offense, will promote respect for the law, and will provide just punishment for the offense that Mr. Lord committed.

Title 18 U.S.C. §3553(a) considerations result in the appropriate and reasonable sentence for Mr. Lord, being three (3) years probation and a fine. The imposition of the suggested sentence would impress upon Mr. Lord the seriousness of the offense and society's displeasure with his conduct. The sentence detailed above would achieve the goals of sentencing as defined in Title 18 U.S.C. §3553(a).

## OBJECTIONS TO PRE-SENTENCE REPORT

Pursuant to Rule 32(b) of the Federal Rules of Criminal Procedure the defendant has no objections to the Pre-sentence Report other than with respect to the applicable reasonable and appropriate sentence.

## CONCLUSION

In view of the goal of the Sentencing Reform Act of 1984 to afford adequate deterrence to criminal conduct and to protect the public from further crimes, the defendant requests that the court sentence Mr. Lord to a non-guidelines sentence, since the likelihood that the defendant will commit future crimes and the need to protect the public is non-existent.

Therefore the defendant asserts that Mr. Lord be sentenced to probation and a Four Thousand ($4,000.00) Dollar fine for his crime as that would constitute a reasonable and appropriate sentence that would satisfy the statutory sentencing goals of 18 U.S.C.§ 3553(1)(a).

Respectfully submitted,
*Edward D. Wilford*
Edward D. Wilford

EDW/nes
cc: Jillian Berman, Esq.
    Ms. Katrina Minus-Shephard
    Mr. Richard Lord