

U.S. Department of Justice

United States Attorney
Southern District of New York

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York  10007
November 1, 2007

BY HAND AND ECF

Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street, Room 2210
New York, New York  10007

      Re:    United States v. Richard Lord,
              07 Cr. 554 (WHP)

Dear Judge Pauley:

      The Government respectfully submits this letter in advance of the sentencing in this case, scheduled for Friday, November 2, at 3:30, and in opposition to the defendant's sentencing submission.  For the reasons set forth below, the Government submits that a sentence within the range set forth in the United States Sentencing Guidelines (the "Guidelines") of 18 to 24 months' imprisonment is a reasonable one that is no greater than necessary, and should be imposed here.

      On March 21, 2007, Lord was arrested inside 385 Edgecomb Avenue, and he was charged in a complaint with distributing and possessing with intent to distribute approximately 170 grams of cocaine.  Just prior to his arrest, Lord was approached by a law enforcement officer who asked Lord about the bulge in Lord's front right pant pocket, to which Lord responded, "I found it."  When the law enforcement officer again asked Lord what the item in his pocket was, Lord said, "I don't know, I found it."  Complaint at ¶ 4.  Thereafter, the law enforcement officer recovered what was later determined to be approximately 156 grams of cocaine in Lord's pocket.

      On June 27, 2007, Lord pled guilty, pursuant to a plea agreement, to distributing and possessing with intent to distribute mixtures and substances containing cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)©.  Lord admitted during his plea allocution that on March 21, 2007, he possessed cocaine, and that this was cocaine that he intended to give or sell to others.  He admitted that he knew that what he had done was unlawful.

      As set forth in the plea agreement between Lord and the Government, the parties agree that the applicable Guidelines range is 18 to 24 months' imprisonment.  This is based on an offense level of 18 (because the offense involved more than 100 grams but less than 200

grams of cocaine, minus three points for acceptance of responsibility); and a Criminal History Category of I.  Lord has asked for a non-incarceratory sentence of three years' probation and a $4,000 fine.

The Government submits that a sentence within the Guidelines range of 18 to 24 months is reasonable and should be imposed in this case.  Lord engaged in serious criminal conduct – he possessed and intended to distribute 156 grams of cocaine.  This is a significant amount of drugs that he possessed <u>at one time</u>.

In addition, the Guidelines range already takes into account certain factors upon which Lord bases his request for a below-Guidelines sentence.  For example, Lord points to his lack of criminal convictions, but this has already been taken into account.  Lord's Guidelines range is based on a Criminal History Category of one, placing him in the lowest range for his offense conduct level.  Indeed, it is noteworthy that Lord's lack of criminal history points rendered him eligible for safety-valve relief, which would have lowered Lord's offense level an additional two points.  In order to qualify for this relief, however, Lord would have been required to "truthfully provide[ ] to the Government all information and evidence . . . concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  U.S.S.G. § 5C1.2(a)(5).  <u>Lord chose not to do so</u>, lending credibility to the inference that Lord's truthful disclosure of any criminal conduct that was part of the same common scheme or plan as that of the instant conviction would have exposed him to a significantly higher offense level than 15.  This also calls into question the reliability of Lord's statement to Probation that his conduct on March 21, 2007 "was the first time that he had ever attempted to sell cocaine."  PSR ¶ 11.

Lord also argues that he and his wife are gainfully employed and because he works nights while his wife works days, they do not need to pay for child-care expenses for their ten-year-old daughter.  This may certainly be the case, but Lord's only verified employment is from April 2007 to the present – notably, employment that he procured after he was arrested and released on bail.  PSR ¶ 47.  Other than this recent employment, Lord claims that he was a self-employed carpenter for the past ten years, but there is no verification of this or indication that any income he earned from this sort of work was included on his family's income tax filings.  Indeed, when Lord's wife was interviewed in order to determine whether she was a suitable bond co-signer for Lord, she indicated that Lord had not worked for five years.  Finally, to the extent Lord's incarceration would necessitate additional child-care expenses for Lord's family, this is not atypical or unusual, and does not warrant a non-Guidelines sentence.

        Finally, a sentence within the Guidelines range would also help to further the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. A sentence within the Guidelines range would help to ensure that Lord receives a sentence consistent with that of other defendants who have engaged in similar drug trafficking conduct and with similar criminal history.

        Thank you for your consideration of this matter.

        Very truly yours,

        MICHAEL J. GARCIA
        United States Attorney
        Southern District of New York

By:     /s/ Jillian Berman
        Jillian B. Berman
        Assistant United States Attorney
        (212) 637-2197

cc:     Ed Wilford, Esq.
       (By Facsimile)